## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22282-CIV-MORENO/TORRES

HARRY GEORGE CASTRO,

        Plaintiff,

vs.

MIAMI-DADE BOARD OF COUNTY COMMISSIONERS
MIAMI-DADE COUNTY
MIAMI-DADE COUNTY POLICE DEPARTMENT
DIRECTOR OF THE MIAMI-DADE COUNTY
POLICE DEPARTMENT ROBERT PARKER, Individually,
CAPTAIN BAZO, Individually,
LIEUTENANT A. DIAZ DE VILLEGAS, Individually,
LIEUTENANT E. RODRIGUEZ, Individually,
SERGEANT W. SANCHEZ, Individually,
SERGEANT J. PEREZ, Individually,
SERGEANT M. TABERNERO, Individually,
SERGEANT SHERMAN, Individually,
CORPORAL P. CLARK, Individually,
DETECTIVE B. PFEIFFER, Individually,
DETECTIVE A. HERNANDEZ, Individually,
DETECTIVE TAVIO, Individually,
OFFICER J. RODRIGUEZ, Individually,
OFFICER H. ARREOLA, Individually,
OFFICER C. REYES, Individually,
OFFICER E. SUAREZ, Individually,
OFFICER M. ROJASBENAVIDES, Individually,
OFFICER V. VICENS, Individually,
OFFICER R. DIAZ, Individually,
OFFICER J. MARTOS, Individually,

        Defendants.

_____/

## ORDER GRANTING MOTIONS TO DISMISS

    This matter is before the Court on Defendant Captain Luis Bazo's Motion to

Dismiss Plaintiff's Complaint [D.E. 30], filed on December 10, 2008, multiple

Defendant Officers' Motion to Dismiss Plaintiff's Complaint [D.E. 59], filed January 8, 2009, and Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Complaint [D.E. 60], filed January 9, 2009.  The matter is fully briefed and ripe for adjudication. For the reasons that follow, Defendants' Motions to Dismiss Plaintiff's Complaint is Granted without prejudice to Plaintiff amending his complaint.

## I.  BACKGROUND

Plaintiff Harry George Castro brought suit against many Defendants pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendments of the United States Constitution, and the laws of the State of Florida. [D.E. 1].  Plaintiff alleges that on or about April 8, 2007, while he was driving his vehicle Plaintiff was stopped by several Cutler Ridge and Hammocks Police Units of the Miami-Dade Police Department at the Florida Turnpike and SW 137 Avenue.  *Id.* ¶ 10.  After Plaintiff came to a stop, Officers approached his car with their weapons drawn and aimed at him.  *Id.* ¶ 12.  The Defendant Officers were under the belief that Castro's vehicle was wanted for battery on a police officer.  Castro alleges that numerous officers violently directed him to place his hands in the air and exit his vehicle.  Plaintiff alleges that after he unsuccessfully attempted to unbuckle his seat belt, the officers removed him through the window.

Once out of the car, Plaintiff alleges that the officers struck him several times, threw him on the ground, and beat him repeatedly to the point that blood was drawn from his face, skull, and upper body.  *Id.* ¶ 13.  Upon later arrival, two officers noted that Plaintiff had been left on the ground by the other officers with severe injuries.  *Id.* ¶ 14.  At some point following the alleged beating, the officers took Castro into custody

by placing handcuffs on him.  *Id.* ¶ 16.  At no point during this time was Castro given the opportunity to identify himself, nor did he ever receive an explanation as to why he was being pulled over.  Finally, the officers realized Castro was not the correct suspect, removed the handcuffs, at which point Castro was made "whole."  *Id.* ¶ 17.

Plaintiff was subsequently treated at a hospital for his injuries.  Plaintiff claims he suffered severe damage to his ear and ear drum, resulting in loss of hearing after being kicked in the head and ear.  *Id.* ¶ 21.  He also claims to have suffered internal injuries to his organs after being kicked in the ribs.  He further alleges that he has since suffered from emotional distress, including nightmares and an intense fear of police officers.

Plaintiff claims the specialized units and patrols within the County have exercised a practice and custom of effectuating vehicle stops with their own customs and practices, thereby creating a defacto policy within the County independent of the written policy.  *Id.* ¶ 22.  These improper procedures, practices, and customs create constitutional violations against the citizens of the County by creating the risk of injury or, occasionally, death.  According to the Plaintiff, there is a practice in the County to not discipline or prosecute incidents where excessive force is used and a failure to investigate complaints of such behavior.  *Id.* ¶ 25.  Such practices of the Miami-Dade Police Department were allegedly known to Defendants Parker, Bazo, and County, who did not take affirmative action to prevent such behavior from continuing. Plaintiff claims that as a result of their failure to properly train the Defendant officers,

Parker, Bazo, and the County authorized, tolerated as institutionalized practices, and ratified the misconduct of the officers. *Id.* ¶ 26.

The Plaintiff's Complaint asserts four allegations against Bazo in his complaint: Count III for conspiracy to interfere with civil rights, Count IV for violation of civil rights while acting under color of law, Count V for failure to intervene, and Count VIII for false imprisonment. The Defendant Bazo moves to dismiss all these Counts against him on the grounds that he is protected by qualified immunity in his role as a law enforcement officer and further that the claims do not state a cause of action. [D.E. 30].

The Complaint alleges the same claims against the remaining Defendant Officers. These Defendant Officers move to dismiss these claims on the grounds that Counts III, IV, and V – alleging violations of Plaintiff's civil rights under section 1983 – are too vague and fail to satisfy the heightened pleading standard. Alternatively, the Officers are entitled to qualified immunity from suit on these claims. As to Count III – a civil conspiracy claim under section 1983 – the Officers argue that the claim must be dismissed because it is barred by the intracorporate conspiracy doctrine. Finally, as to Count VIII – the state law claim for false imprisonment – the claim should be dismissed because the facts pled in the Complaint demonstrate that probable cause existed for Plaintiff's arrest.

Lastly, the Complaint alleges four different claims against the Miami-Dade County Defendants. These Defendants move to Dismiss Count I – a civil rights claim against the County for maintaining a policy of violating suspects' constitutional rights – because it fails to sufficiently allege that the County adopted an unofficial policy that

was so widespread and rampant that the final policymaker of the County had or should have had knowledge of said policy and for all intent and purpose adopted such a policy for County employees.  As to Count II – a claim against Defendant Director Parker in his supervisory capacity for knowingly condoning the violation of suspects' civil rights – the Defendants move to dismiss that claim because they claim Plaintiff has insufficiently alleged how Director Parker knew of and condoned the alleged "brutal" and "illegal" conduct carried out by the defendant officers.  As to Count Counts VI and VII – state law claims against the County Defendants for battery, assault and intentional infliction of emotional distress – the Defendants move to dismiss those claims under Fla. Stat. §§ 768.28(2) & (9)(a) because municipal liability cannot attach under Florida's sovereign immunity statute for the alleged "brutal" and "illegal" acts committed by its employees.  Finally, the Miami-Dade Police Department claims that all counts in which it was named should be dismissed from this suit with prejudice, not only because it is not sui juris, but also because Plaintiff has failed to identify the Miami-Dade Police Department in any of the Counts in the Complaint.

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b), a defendant may move for dismissal of a claim or claims based upon the failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, even under the notice pleading standard, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 570 (2007).  Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the [ ] claims across the line from conceivable to plausible." *Id.* at 556.  This plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

As the Supreme Court recently reaffirmed, there are "two working principles" that we must follow under *Twombly*:

> First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.,* at 555. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted)). . . . Second, . . . [d]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.,* at 556. . . . [A] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14-15 (U.S. May 18, 2009).

Moreover, on a claim filed under 42 U.S.C. § 1983 against a government official in that capacity, the complaint is required to satisfy an even heightened pleading standard. *See, e.g., GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th

Cir. 1992).  The purpose of the more stringent standard is to insulate defendants who are "immune from liability and even from trial if plaintiffs' complaint fails to state a violation of clearly established statutory or constitutional rights of which a reasonable person would have known."  *Oladeinde*, 963 F.2d at 1485 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal quotations omitted).

Thus to conform with the heightened pleading standard in a section 1983 action, the "complaint [must] state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of [qualified] immunity." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167 (1993).  Accordingly, there are three explicit requirements that a plaintiff must meet.  First, Plaintiff must allege facts with "some specificity." *See Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory").  Second, a plaintiff's facts need to sufficiently indicate that the defendant cannot rely upon the qualified immunity defense. *See Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003).  In other words, "Plaintiffs must allege (a) that Defendant was acting within the scope of his discretionary authority when the unconstitutional act or acts took place, (b) that his conduct violated a constitutional right that was clearly established at the time of the violation, and (c) facts sufficient to state a claim for the constitutional violation in question." *Oladeinde,* 963 F.2d at 1485.  Finally, a plaintiff's pleadings must distinguish the allegations of fact relevant

to each specific claim. *See Strategic Income Fund v. Spear, Leads & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002).

### A.   *The Claims Against Defendant Bazo*

Applying these various requirements to the pending complaint against Defendant Bazo, specifically the section1983 claims found in Counts III, IV, and V, we agree with Defendant Bazo that Plaintiff has failed to satisfy the heightened pleading standard, due to a clear lack of factual specificity, against an official who may be entitled to the defense of qualified immunity. [D.E. 30].

In Count III, Plaintiff asserts that Defendant Bazo engaged in a conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. §1983. [D.E. 1 at 14-17]. But Defendant correctly points out that in order for Plaintiff show he is entitled to relief, he is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of the cause of action will not do." [D.E. 30 at 3-4 (citing *Twombly*, 550 U.S. at 555-57)]. Plaintiff's claim relies upon generalized allegations in his attempt to state a claim. Plaintiff provides insufficient detail as to how Defendant Bazo conspired with officers and in what way they conspired. Plaintiff rests his claim upon a summary conclusion that Bazo, along with other officers, authorized, tolerated, and ratified the misconduct of fellow officers by failing to properly discipline and deal with the ongoing practice of unlawful use of authority. However, Plaintiff fails to allege facts showing that prior events involving the use of excessive force would have put Defendant Bazo on notice as to an ongoing practice and the need to take preventative measures so as to discourage such behavior.

The Eleventh Circuit has held that where a plaintiff presents only conclusory accusations without the support of factual assertions, it may be reasonable to dismiss a conspiracy claim like this one in a civil rights case. *Kearson v. Southern Bell,* 763 F.2d 405, 407 (11th Cir. 1985). In the case at hand, Plaintiff has failed to allege specific factual allegations as to how Defendant Bazo contributed or advanced the alleged conspiracy.

With respect to Count IV, Plaintiff has also failed to state sufficient factual allegations to state a claim. Plaintiff merely includes a heading asserting violations of civil rights while acting under the color of law under 42 U.S.C. § 1983. [D.E. 1 at 17]. But Plaintiff does not satisfy the basic requirement under Rule 8 of a "short and plain statement of the claim showing that the pleader is entitled to relief." While we acknowledge that Plaintiff has been provided with limited information as the result of an ongoing investigation into the present case within the police department, based upon the Supreme Court's decisions in this area it would clearly be inappropriate to allow this claim to proceed without far greater specificity as to the underlying facts and claims.

Turning to Count V, Plaintiff alleges that Defendant Bazo failed to intervene to prevent fellow officers from violating the constitutional rights of Castro under 42 U.S.C. § 1983. [D.E. 1 at 17-18]. "[I]n order for an officer to be liable for failing to stop police brutality, the officer must be 'in a position to intervene'." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (citing *Riley v. Newton*, 94 F.3d 632, 635 (11th Cir. 1996) (holding that an officer who was engaged in arresting a suspect, and who did not

observe his fellow officer's use of excessive force on a second suspect, did not have a duty to intervene)).  Plaintiff here has not pled – likely because he does not yet know – that Defendant Bazo was indeed present at the time of his alleged beating or arrest. Consequently, because Plaintiff has failed to assert that Defendant Bazo was in a position to intervene in the alleged excessive force used against Plaintiff, a claim against Defendant Bazo holding him individually liable for the failure to intervene cannot proceed.

Finally, under Count VIII of his complaint, Plaintiff charges Defendant Bazo with a state law claim of false imprisonment. [D.E. 1 at 21-22].  A claim of false imprisonment rests upon the notion of the unlawful restraint of a person and the denial of his freedom.  *See, e.g., Escambia County School Board v. Bragg*, 680 So.2d 571, 572 (Fla. 1st DCA 1996).  Although Plaintiff may have sufficient factual information to state a claim for false imprisonment resulting from the events on April 8, his claim against Defendant Bazo at this stage also fails under Florida law.

In order to be held civilly liable for false imprisonment under Florida law, the defendant must actively and personally partake in the unlawful restraint of the plaintiff.  *See Spears v. Albertson's, Inc.,* 848 So. 2d 1176 (Fla. 1st DCA 2003); *Johnson v. Weiner*, 155 Fla. 169, 19 So. 2d 699, 700 (Fla. 1944).  In the present case, Defendant Bazo is not named in any of the allegations regarding the dispatched call prior to the stop, the traffic stop, the arrest or restraint of the Plaintiff.  Further, as stated previously, there is nothing in the complaint to suggest that Defendant Bazo was present at the time of or had any involvement of the arrest of Plaintiff.  Thus, where

Plaintiff fails to allege that Defendant Bazo participated in the restraint, Count VIII must also be dismissed.

In sum, each of the claims alleged in the present complaint against Defendant Bazo are infirm and do not state a claim under Rule 12(b)(6). At this early stage of the case, however, and given the admitted lack of information that Plaintiff has been able to obtain from the County, final disposition of the Plaintiff's claims is not possible. Plaintiff will be provided thirty (30) days from the date of this non-dispositive Order to file an Amended Complaint that complies with the Federal Rules of Civil Procedure, and especially the heightened pleading standard required for his section 1983 claims.

### B.      *The Claims Against the Other Defendant Officers*

Under this same analysis, the claims against the other Defendant Officers must also be dismissed, but again with leave to amend.

The same civil rights claims in Counts III, IV, and V must be dismissed against these Defendant officers as they were against Defendant Bazo. These claims' vague allegations fail to satisfy the heightened pleading standard applicable to section 1983 claims. Plaintiff has not sufficiently alleged facts – as opposed to legal conclusions – in support of his claims. Thus, as was the case in fact in *Ashcroft,* the claims must be dismissed because it is impossible to determine from these claims whether Plaintiff can overcome any particular officer's qualified immunity. *See also Leatherman,* 507 U.S. at 167 ("complaint [must] state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of [qualified] immunity."); *Gonzalez v. Reno,* 325 F.3d 1228, 1235

(11th Cir. 2003) (quoting *GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359, 1367
(11th Cir. 1998) (heightened pleading required to determine whether a defendant's
actions violated a clearly established right)).   And as the Eleventh Circuit recently
explained: "If it is impossible to make this determination from the face of the plaintiff's
complaint, the purpose of the qualified immunity defense – shielding government
officials from the demands of defending oneself from damages suits – may well be
frustrated." *A.P. ex rel. Bazerman v. Feaver,* 293 Fed.Appx. 635, 650 (11th Cir. 2008).
Accordingly, Plaintiff's section 1983 claims against these Defendant Officers must also
be dismissed.[1]

      With respect to the state law claim in Count VIII, alleging false imprisonment
against the Defendant Officers, the claim against these Officers should be dismissed
under the same analysis that applied to the dismissed false imprisonment claim
against Defendant Bazo.  It is entirely unclear which of the officers were involved in
the dispatched call prior to the stop, the traffic stop, the arrest or restraint of the
Plaintiff.  Further, there is nothing in the complaint alleging which officers were
present at the time of, or had any involvement in, the physical arrest of the Plaintiff.
Thus, where Plaintiff fails to clearly allege that any particular Defendant participated
in the restraint, Count VIII against all these different Officers must also be dismissed.

      We find, however, that Defendant Officers' argument that the false
imprisonment claim should be dismissed with prejudice, because there was clearly

---

[1]    As these claims must clearly be dismissed for lack of specificity, the Court
will not address other arguments for dismissal raised in the motion, such as the
intracorporate conspiracy doctrine or qualified immunity itself.

probable cause to arrest on the face of the complaint, is entirely too premature at this stage of the case.  We instead dismiss the claim but with leave to amend.

### C.     *The Claims Against the County Defendants*

Finally, we turn to the separate claims against the County Defendants arising from the alleged civil rights violations committed by the Defendant Officers.

In Count I of the Complaint, Plaintiff seeks to hold the County liable, under section 1983, for the acts of the Defendant Police Officers.  In order to survive a motion to dismiss such a claim, Plaintiff has the burden of alleging that the County has an unofficial policy that is such a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law."  *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotations omitted); *Holmes v. Kucynda,* 321 F.3d 1069, 1078 (11th Cir. 2003).  A plaintiff must show, through specific repeated acts, a custom or usage so pervasive that it rises to the level of being a policy of the County.  *Holmes,* 321 F.3d at 1078.

In this case, Count I fails to allege or identify any previous occasions where this alleged unofficial policy had been implemented.  Merely saying in conclusory fashion that the County has such an unofficial policy, but pointing to only one instance in which this alleged policy was implemented, falls far short of satisfying Plaintiff's burden of pleading sufficient facts to survive a motion to dismiss.  This is precisely what the Supreme Court is alluding to in *Ashcroft* when it explained that a reviewing court must accept a plaintiff's allegations as true, but not when they are "legal

conclusion[s] couched as a factual allegation . . . ." *Ashcroft,* slip op. at 15. The problem with this particular claim, which frankly holds true throughout the entire complaint, is that Plaintiff's allegations are for the most part legal conclusions in fact-based clothing. We conclude, therefore, that this claim does not satisfy the plausibility and pleading requirements of Rule 8 and, hence, does not survive a motion to dismiss under Rule 12(b)(6).[2]

Turning to Count II of Plaintiff's Complaint that seeks to hold Director Parker individually liable in his supervisory capacity as director of the Miami-Dade Police Department, Plaintiff has not alleged *any* facts showing how Director Parker knew that the defendant officers committed any illegal or improper acts. Plaintiff's only allegation seems to be that once Director Parker had heard about the alleged improper

---

[2]      We also agree with Defendant that, with respect to the allegations in this Count of the Complaint filed against Defendant Parker, the Director of the Miami-Dade Police Department, Plaintiff has insufficiently alleged how Director Parker knew of and condoned the alleged "brutal" and "illegal" conduct carried out by the defendant officers. The claim only conclusorily alleges that Defendant Parker is a final policy-maker for the County, without specifying why that is the case under the law that defines what a "final decisionmaker" is supposed to be. *See, e.g., City of St. Louis v. Praprotnik,* 485 U.S. 112, 126 (1988) ("[A] federal court would not be justified in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it."). Without identifying why Director Parker should be deemed to be the correct final policy-maker, Plaintiff cannot then meet the subsequent burden of showing that the final policy-maker had sufficient knowledge of the alleged unofficial policy sufficient to attach municipal liability to the County. Thus, because Count I also fails to identify the correct final policy-maker and to allege involvement by any such final policymaker, it should also be dismissed for this reason. *See, e.g., Grech v. Clayton County, Ga.,* 335 F.3d 1326, 1330 (11th Cir. 2003) (requiring plaintiffs to "identify those officials who speak with final policymaking authority"); *Reyes v. City of Miami Beach,* 2007 WL 4199606, *5-*6 (S.D. Fla. Nov. 26, 2007) (same); *Moore v. Miami-Dade County,* 2007 WL 4644629, at *6 (S.D. Fla. December 10, 2007) ("By failing to identify any action taken by [any final policy-maker] Plaintiff has failed to state a claim under which § 1983 liability may be assessed based on an unofficial custom or practice.").

conduct – after it had already occurred – he failed to initiate disciplinary action.  But Plaintiff, at the same time, concedes that there is an ongoing investigation into these alleged actions within the Miami-Dade Police Department, thereby making any disciplinary action premature until the conclusion of that investigation.

In any event, to hold Director Parker liable in his supervisory capacity, Plaintiff must allege specific facts stating that either Director Parker was personally involved in the alleged acts committed in April 2007 or that Director Parker had prior knowledge that the defendant officers were about to commit an illegal or improper act and failed to stop them.  Absent those specific facts, Director Parker cannot be sued in his individual capacity as director of the Department.  Plaintiff's response to the pending motion provided no authorities or argument to the contrary.  Therefore, this Count must also be dismissed.

Finally, given the dismissal of the Plaintiff's complaint as a whole, we will not address the Defendant County's argument that the County is immune from suit for the alleged willful and malicious acts committed by its employees.  See Fla. Stat. § 768.28(2) & (9)(a); *McGhee v. Volusia County,* 679 So. 2d 729, 733 (Fla. 1996).  We note only for Plaintiff's benefit that we will revisit this issue if the amended complaint again alleges that the County's employees were engaged in willful and malicious conduct that caused injury to the Plaintiff.  *See, e.g., Willis v. Dade County Sch. Bd.,* 411 So. 2d 245, 246 (Fla. 3d DCA 1982) (affirming trial court's dismissal of complaint alleging that a teacher "maliciously" assaulted and battered the plaintiff at school, because the school board was immune from such conduct under section 768.28); *Reyes,*

2007 WL 4199606 *4 (dismissing state law claims against County for alleged willful and wanton acts of County employees).

The same is true with the Defendant Miami-Dade Police Department's persuasive contention that the Department itself cannot be sued separate and apart from the County.  We assume that Plaintiff will take note of these issues for the Amended Complaint that will undoubtedly be filed in this case.

### III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     Defendant Captain Luis Bazo's Motion to Dismiss Plaintiff's Complaint [D.E. 30] is **GRANTED** in its entirety with leave to amend.

2.     The Defendant Officers' Motion to Dismiss Plaintiff's Complaint [D.E. 59] is **GRANTED** as set forth herein with leave to amend.

3.     Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Complaint [D.E. 60] is **GRANTED** as set forth herein with leave to amend.

4.     Plaintiff shall file an amended complaint within thirty (30) days in conformity with this Order.

5.     The pending motion is being adjudicated by Order for administrative reasons, and also because the Order is not intended to be dispositive of any of Plaintiff's claims in this case.  Nevertheless, the entry of this Order does not preclude Plaintiff from seeking *de novo* review from the District Judge if he wishes, for which Plaintiff may timely file objections to this Order within ten days, in which case the Order shall be treated as a Report and Recommendation under S.D. Fla Mag.J. R. 4

and 28 U.S.C. § 636.  The Court notes as well that the failure to timely file objections shall *not* bar the parties from attacking any findings herein on appeal because no findings here shall be given dispositive effect.  28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of June, 2009.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge